# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHRIS MANZO,

    Plaintiff,

vs.

RIO CASINO & HOTEL, et al.,

    Defendant,

Case No. 2:14-cv-00172-JAD-GWF

**ORDER**

Amended Application to Proceed *in Forma Pauperis* (#5) and Complaint (#1-1)

This matter comes before the Court on Plaintiff's amended Application to Proceed *in Forma Pauperis* (#5) and Complaint (#1-1), filed on June 19, 2014.

## BACKGROUND

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act, alleging claims for age discrimination and retaliation. Plaintiff contends that he was employed in the culinary unit with the Rio Hotel & Casino in Las Vegas, Nevada, where he was subjected to discrimination based on his age. Specifically, he alleges that on various occasions, he was cursed at by Chef Frank Saouat, called an "old man" and told to quit his job. He alleges that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Culinary Union, who found Plaintiff did not have sufficient evidence to support a claim for discrimination. Plaintiff requests back pay in the amount of $50,000.00 and requests reinstatement of his prior position in the culinary unit.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his amended Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's

financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Screening of Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.     Plaintiff's Complaint

Here, Plaintiff failed to attach his Complaint with his Amended Application to Proceed *in Forma Pauperis* (#5). Considering Plaintiff's *pro se* status, however, the Court will screen Plaintiff's Complaint (#1-1) attached to his initial Application to Proceed *in Forma Pauperis* (#1).

#### 1.     Discrimination Claims

It appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq.  Title VII allows persons to sue an employer for discrimination on the basis of race, age, color, religion, gender or national origin if he or she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges

with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff states that he filed grievances with the EEOC and Culinary Union. Plaintiff did not, however, attach the EEOC right-to-sue letter, nor did he indicate the date on which the right-to-sue letter was issued to show that he filed his case within 90 days pursuant to Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Plaintiff therefore failed to establish that he has exhausted his administrative remedies.

Furthermore, in order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).

Plaintiff failed to plead sufficient allegations to state a claim for age discrimination. The Age Discrimination in Employment Act (ADEA) only forbids age discrimination against people who are age forty (40) or older. Here, Plaintiff failed to indicate his age and therefore failed to establish that he belonged to a protected class. Furthermore, Plaintiff failed to plead facts to establish he was qualified for his job and that those similarly situated employees not in his protected class received more favorable treatment. Plaintiff's Complaint (#1-1) therefore fails to state a claim upon which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#5) is **granted**. Plaintiff shall not be required to pay the $400.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

1  security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the
2  issuance of subpoenas at government expense.
3       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint
4  (#1-1).
5       **IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for
6  failure to state a claim upon which relief can be granted, with leave to amend in accordance with
7  the discussion above.  Plaintiff shall have **thirty (30) days** from the date that this Order is entered
8  to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to
9  comply with this Order may result in the dismissal of this action.
10       DATED this 20th day of June, 2014.

                                        GEORGE FOLEY, JR.
                                        United States Magistrate Judge