UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS MANZO,          ) | |
|                      ) | |
|     Plaintiff,       ) | Case No. 2:14-cv-00172-JAD-GWF |
|                      ) | |
| vs.                  ) | **ORDER** |
|                      ) | |
| RIO CASINO & HOTEL, et al., ) | **Screening Amended Complaint (#8)** |
|                      ) | |
|     Defendant,       ) | |
|                      ) | |

This matter comes before the Court on the screening of Plaintiff's Amended Complaint (#8) filed on July 16, 2014.

### BACKGROUND

Plaintiff filed an amended application to proceed *in forma pauperis* on June 19, 2014. *See Dkt. #4*. The Court permitted Plaintiff Manzo to proceed with this action *in forma pauperis* and dismissed his complaint without prejudice during screening for failing to plead sufficient allegations to state a claim for age discrimination. *See Dkt. #6*. Plaintiff subsequently filed a document styled as a letter, but captioned as an "Amended Complaint." *See Dkt. 8*. Now before the Court is the screening of Plaintiff's Amended Complaint (#8).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act, alleging claims for age discrimination, harassment and retaliation. Plaintiff contends that he was employed in the culinary unit with the Rio Hotel & Casino, where he was subjected to discrimination based on his age. Specifically, he alleges that he is 80 years old, has over sixty years of experience managing bakeries and preparing food, and worked at the Rio for nine years without any performance issues until Chef Frank Sauvat became his supervisor. *See Dkt. #8*. Plaintiff alleges that Chef Sauvat

subjected him to less favorable treatment than those similarly situated to him, which lead to his termination. *See Dkt. #8*. Plaintiff alleges that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Culinary Union, who found Plaintiff did not have sufficient evidence to support a claim for discrimination. He attached his right to sue letter, which indicated that he had ninety (90) days from his receipt of the right to sue letter to file his claim. The right to sue letter indicates that it was mailed on October 30, 2013. *See Dkt. #8* at pg. 5. The Amended Complaint does not contain a prayer for relief.

## DISCUSSION

### I.   Screening of Complaint

In his Amended Complaint, Plaintiff Manzo properly addressed the elements to allege a prima facie case of discrimination in violation of Title VII that were missing from his initial Complaint (#1-1). Plaintiff, however, failed to re-allege that the Court has personal jurisdictional over the parties to the action. The complaint must identify the relevant parties so the court can determine whether it may exercise jurisdiction over the named individuals. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)(discussing federal court's limited power of personal jurisdiction). Plaintiff also failed to re-allege the relief that he requests. *See* Fed. R. Civ. P. 8(a)(3) (stating that the complaint must contain a "demand for the relief sought, which may include relief in the alternative or different types of relief"). Plaintiff further failed to indicate what date he received notice of the EEOC's right to sue letter to determine that this action was timely filed within the ninety (90) day statutory period. Plaintiff's Amended Complaint therefore fails to state a claim upon which relief can be granted.

The Court will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged. In accordance with the above discussion, Plaintiff is also advised that he must reattach the necessary exhibits to his amended complaint for them to be considered. Accordingly,

**IT IS HEREBY ORDERED** that the Amended Complaint (#8) is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff a blank Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 form to assist him in completing his amended complaint.

DATED this 25th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge